JOSEPH R. SEEDS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87155.   Promulgated April 15, 1938.

*George F. Lowenthal*, Esq., for the petitioner.
*Sidney U. Hiken, Esq.*, for the respondent.

### OPINION.

BLACK: The Revenue Act of 1934 made considerable changes in the treatment of capital gains and losses provided in the 1932 Act and prior acts. After extended consideration of the subject by both the House and the Senate, the results were statutory provisions which depart from the theory of the prior acts in that capital gains and losses are taken into account in computing net income. Thus if a taxpayer's income tax return shows capital gains, these are subjected to both the normal tax and the surtax instead of the flat rate of 12½ percent under the prior acts. However, both capital gains and losses are limited to certain percentages when so taken into account, the percentage being dependent upon the period during which the capital asset sold has been held. For a full discussion of the changes made in the 1934 Act from the provisions of the 1932 Act and

prior acts, see paragraph 19.03, volume 2, Paul and Mertens Law of Federal Income Taxation.

Section 117 (a), (d) of the Revenue Act of 1934, dealing with capital gains and losses, is printed in part in the margin. [1]

The Treasury has promulgated Regulations 86, dealing with the tax imposed on income by the Revenue Act of 1934. Article 117–2 thereof, which deals with limitations on capital gains and losses, is printed in the margin.[2]

The respondent has followed these regulations in determining the deficiency. This much petitioner concedes, but petitioner contends that the regulations are wrong; that they limit a taxpayer's deduction for capital losses to an extent not warranted by the applicable statute. Petitioner contends that when Congress wrote 117 (d) it

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

(a) GENERAL RULE.—In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income :

\* \* \* \* \* \*

(d) LIMITATION ON CAPITAL LOSSES.—Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges.

[2] ART. 117–2. *Limitations on capital gains and capital losses.*—In computing the net income of a taxpayer, other than a corporation, the amount of the gain or loss, computed under section 111 and recognized under section 112, upon the sale or exchange of a capital asset shall be taken into account only to the extent provided in section 117 (a). The percentage of the gain or loss to be taken into account ranges from 100 per cent to 30 per cent, depending upon the period for which the asset was held. For instance, if unimproved real estate which is a capital asset, purchased for $20,000, is sold for $25,000 after having been held for more than 10 years, only 30 per cent of the recognized gain ($5,000), or $1,500, shall be taken into account in computing net income ; or if such property was sold for $14,000, only 30 per cent of the recognized loss ($6,000), or $1,800, shall be taken into account.

Section 117 (d) provides a limitation on deductions for capital losses affecting all taxpayers including corporations, that is, losses from sales or exchanges of capital assets shall be allowed as deductions only to the extent of $2,000 plus the gains from such sales and exchanges. However, in the case of certain banks or trust companies, this limitation is subject to the modification provided in that section.

The provisions of this article may be illustrated by the following example :

*Example:* During the taxable year, A, an individual, had gains and losses from sales and exchanges of capital assets as follows (the deduction for the losses not being prohibited by any section of the Act other than sections 111, 112, and 117) :

| Item | Gain recognized under sections 111 and 112 | Loss recognized under sections 111 and 112 | Time held | Per cent applicable | Gain taken into account under section 117 (a) | Loss taken into account under section 117 (a) |
|---|---|---|---|---|---|---|
| Corporate stock | | $5,000 | 9 mos | 100 | | $5,000 |
| Bonds | $4,000 | | 1½ yrs | 80 | $3,200 | |
| Real estate | | 1,000 | 2½ yrs | 60 | | 600 |
| Government bonds | 3,000 | | 6 yrs | 40 | 1,200 | |
| Failure to exercise option to buy property. | | 2,000 | | 100 | | 2,000 |
| Gains and losses taken into account | | | | | 4,400 | 7,600 |

Applying the limitation of section 117 (d), the losses of $7,600 taken into account are allowable as a deduction only to the extent of $6,400 ($2,000 plus the gains of $4,400 taken into account).

failed to qualify the word "gain" with the word "recognized" so that it would read "recognized gain", and that because of this failure, a taxpayer who has had capital losses of a sufficient extent, figured on the percentage basis, to exceed his full capital gains as distinguished from the percentages of capital gains recognized in 117 (a), is entitled to a deduction of his capital losses, thus figured on the percentage basis, to the full extent of his capital gains without reference to the percentages provided in section 117 (a), plus $2,000.

We do not agree with this contention and sustain the Commissioner in following the method prescribed in article 117-2 of Regulations 86, *supra*.

In construing the meaning of section 117 (d) we think the entire section must be read, and when that is done it seems reasonably clear to us that it was the intent of Congress to allow to a taxpayer a deduction for capital losses computed in accordance with the percentages provided in the act, equal to the amount of his capital gains computed also on the percentage basis. If a taxpayer should have capital losses figured in this manner greater than his capital gains figured on the same basis, then he is entitled to a deduction of such excess but not to exceed $2,000. That is the limitation which we think Congress intended to provide in section 117 (d).

In the instant case petitioner had capital gains of $2,848.65 in 1934 after applying the percentages provided in section 117 (a). He had capital losses figured in the same manner of $8,891.63. Therefore we think petitioner is entitled to a deduction of his percentage capital losses to the full extent of $2,848.65, the amount of his percentage capital gains, plus $2,000. This is the deduction which the Commissioner has allowed, and we sustain it.

H. R. 7835, which later became the Revenue Act of 1934, was reported to the House of Representatives on February 12, 1934, and, as reported to the House and passed by that body, it would have allowed capital losses as deductions to the extent only that they did not exceed capital gains both figured on the percentage basis as provided in the bill. See Ways and Means Committee Report No. 704, 73d Cong., 2d sess. The Senate amended the provision limiting the allowance of capital losses as a deduction from capital gains to the extent that they did not exceed capital gains both figured under the provisions of section 117 (a), by permitting an additional deduction of not more than $2,000.

Report No. 558 of the Senate Finance Committee, to accompany H. R. 7835, says with reference to the provision now under consideration:

Third, in the case of the general limitation provided in the House bill that capital losses should only be allowed to the extent of the capital gains, your Committee recommends that $2,000 of such excess of losses may be charged off

from ordinary income. This protects the little taxpayer with little or no capital from being assessed a tax which he may be unable to pay. * * *

We think, taking into consideration the language and evident purpose of the entire section 117, Revenue Act of 1934, that Congress meant under the provisions of section 117 (d) to allow to a taxpayer a deduction of his capital losses to the full extent of his capital gains, both figured under the percentage basis as provided in section 117 (a) and then if the capital losses thus figured exceed the capital gains thus figured, the taxpayer is allowed an additional loss up to $2,000 if he has that much loss taken into account under the provisions of section 117 (a).

Reviewed by the Board.

*Decision will be entered for respondent.*